Filed 12/18/20  P. v. McGruder CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305952 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA099957) |
| v. | |
| TRAYSHAWN McGRUDER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mark E. Windham, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In February 2019, defendant and appellant Trayshawn McGruder was charged with first degree residential burglary (Pen. Code, § 459; count 1) and misdemeanor theft of lost property (§ 485; count 2). It was alleged defendant had suffered two prison priors (§ 667.5, subd. (b)) and one prior conviction that qualified as a serious felony enhancement (§ 667, subd. (a)(1)) and as a strike prior (§ 667, subds. (b)–(j), § 1170.12, subd. (b)).

The information was subsequently amended to add one count of second degree burglary (Pen. Code, § 459; count 3). Defendant entered into a plea agreement in which he pled no contest to second degree burglary. Defendant was found eligible but not suitable for the Office of Diversion and Reentry Program. He was placed on three years formal probation and counts 1 and 2 were dismissed. Defendant was awarded 229 days of presentence custody credits (115 actual days, 114 good time/work time credits).

In December 2019, defendant stipulated to a violation of probation and probation was reinstated on the same terms and conditions.

A month later, defendant's probation was revoked for failing to report. A bench warrant issued for his arrest. Counsel reported defendant was "transient."

On March 6, 2020, defendant stipulated to a violation of probation. The court ordered "[p]robation to remain revoked." The court imposed the low term of 16 months in prison and awarded defendant 339 total days of presentence custody credits. Defendant stated he believed he was entitled to additional credits. The court denied defendant's request for additional credits.

Defendant filed a petition for writ of habeas corpus challenging the denial of his request for additional credits. The trial court summarily denied the petition. Defendant filed additional challenges in the trial court, including a petition for reconsideration and a motion to dismiss the probation revocation proceeding. On April 7, 2020, the court denied defendant's motion to dismiss.

Defendant filed a notice of appeal from the court's April 7, 2020 denial of his motion to dismiss the probation violation.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. No supplemental brief was filed.

Appointed counsel also concurrently filed a motion in the superior court, in accordance with Penal Code section 1237.1, requesting correction of defendant's presentence custody credits.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION
The order denying defendant's motion is affirmed.


GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.

4